IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | | |
|---|---|---|
| IN RE: LEANN MARIE HILTON, DEBTOR, | § § § | |
| LEANN MARIE HILTON, APPELLANT, | § § § | CAUSE NO. 1:21-CV-438-LY |
| | § | BANKRUPTCY NO. 19-11101 |
| V. | § § | ADVERSARY PROCEEDING NO. 19-01081 |
| SAMANTHA HALE, APPELLEE. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

This cause arises from an appeal of the Final Judgment rendered May 5, 2021, by the United States Bankruptcy Court for the Western District of Texas, Austin Division. Before the court are Appellant LeAnn Hilton's Brief filed September 17, 2021 (Doc. #10), Appellee Samantha Hale's Brief filed October 18, 2021 (Doc. #11), and Appellant's Reply Brief filed November 9, 2021 (Doc. #12). On December 3, 2021, the court heard oral argument. Hilton appeared by attorney and Hale appeared in person and by attorney. Having carefully considered the briefs, arguments of counsel, applicable law, and record in this case, the court will affirm the bankruptcy court's order for the reasons to follow.

*Background*

Hilton filed a petition under Chapter 7 of the United States Bankruptcy Code on August 20, 2019. Chapter 7 authorizes a bankruptcy court to discharge certain debts, thereby releasing the debtor from personal liability. A creditor may, however, file objections to the debtor's discharge. *See* 11 U.S.C. § 727 (describing reasons why bankruptcy court may deny discharge).

Hale—Hilton's former business partner—filed an adversary suit on November 22, 2019, objecting to the discharge of Hilton's debts.

Hilton filed a combined motion to dismiss, motion for judgment on the pleadings, and motion for partial summary judgment on July 24, 2020, arguing in part that Hale did not sufficiently plead her nondischargeability claims. The Bankruptcy Court denied Hilton's motion. The Bankruptcy Court later granted Hale leave to amend the complaint, and Hale filed an amended complaint November 11, 2020.

The Bankruptcy Court tried the case on March 1 and 2, 2021. After post-trial briefing and closing arguments, the Bankruptcy Court ruled in Hale's favor on one of the nondischargeability claims. *See* 11 U.S.C. § 727(a)(3) (the "Recordkeeping Claim"). The Bankruptcy Court entered judgment denying discharge on May 5, 2021.

***Standard of Review***

On appeal, this court reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *See In re Heartland Fed. Sav. & Loan Assn. v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1163 (5th Cir. 1993). Mixed questions of fact and law are subject to *de novo* review. *See In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

***Analysis***

Hilton designates one issue on appeal—whether the Bankruptcy Court properly denied Hilton's motion for judgment on the pleadings on Hale's Recordkeeping Claim.

The Bankruptcy Code provides that a court cannot grant discharge under Chapter 7 if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial

condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). In the original complaint, Hale pleaded that "Hilton failed to keep or preserve recorded information, including documents, from which Hilton's financial condition or business transactions might be ascertained." Hilton argues that because Hale merely recited the elements of the statute, the Bankruptcy Court should have dismissed the claim on Hilton's motion instead of allowing the claim to proceed to trial.

Hale argues that the Bankruptcy Court's ruling on the merits on the Recordkeeping Claim moots Hilton's argument. *See Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996) ("When the plaintiff has prevailed after a full trial on the merits, a district court's denial of a Rule 12(b)(6) dismissal becomes moot. The plaintiff has proved, not merely alleged, facts sufficient to support relief.").[1] Additionally, Hale argues that even if Hilton's motion had merit, the Bankruptcy Court would have properly allowed Hale to amend the complaint instead of dismissing the claim outright. Hale also argues that the factual allegations in the complaint and Hilton's failure to produce records during the discovery process provided sufficient justification for the Bankruptcy Court's denial of the motion for judgment on the pleadings.

In response, Hilton argues that the circuit decided the *Bennett* case before the United States Supreme Court rendered its *Iqbal* and *Twombly* decisions, which elaborated on the federal pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Hilton argues that the *Iqbal* and *Twombly* decisions effectively overrule the

---

[1] Hale notes that although the *Bennett* case involved a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the holding also applies to Hilton's motion for judgment on the pleadings because courts review both types of motions under the same standard. *See Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) ("We review *de novo* a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), applying the same standard we apply to review the grant of a motion to dismiss under Rule 12(b)(6)"), *cert. denied*, 140 S. Ct. 855 (2020).

circuit's *Bennett* decision. Hilton further argues that the rule in *Bennett* leaves no effective review for the requirement that a plaintiff file adequate pleadings.

Assuming without deciding that *Iqbal* and *Twombly* affect the circuit's ruling, this court is nonetheless bound by *Bennett*. *See, e.g., In re Bonvillian Marine Serv., Inc.*, No. 20-30767, 2021 WL 5708449, at *1 (5th Cir. Dec. 2, 2021) (district court "was not free to overturn" rule from circuit case even when "subsequent Supreme Court decisions have effected an intervening change in the law"). Because Hale prevailed on the merits at trial on the Recordkeeping Claim, Hilton's challenge to the adequacy of the pleadings it moot. *See Bennett*, 74 F.3d at 585. Hilton's appeal cannot succeed, and the court will affirm the Bankruptcy Court's Final Judgment.

***Conclusion***

**IT IS THEREFORE ORDERED** that the Final Judgment rendered May 5, 2021, by the United States Bankruptcy Court for the Western District of Texas, Austin Division is **AFFIRMED**.

A Final Judgment shall be filed subsequently.

SIGNED this _____ day of December, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE